Filed 12/4/20  P. v. Leyva CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GRAVIEL LEYVA,<br><br>    Defendant and Appellant. | C091248<br><br>(Super. Ct. No. 19FE014503) |

Appointed counsel for defendant Graviel Leyva filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

In August 2019, a woman called 911 after she observed a male grab a woman by the arm, drag her around a truck, and attempt to shove her into the cab of the truck.

1

When sheriff's deputies arrived on scene, they saw defendant standing outside of a truck and a woman, the victim, sitting in the passenger seat of the truck with the door open. The officers observed scratches on the victim's neck. The victim reported in Spanish that the scratches were caused when defendant threw her to the ground and slapped her face, and she said he had done this to her in the past.

In a second incident nine days later, defendant, who was visibly intoxicated, asked a security guard at an apartment complex to help him remove a woman from his truck. The security guard went to the truck to help and saw a woman inside with bruises all over her arm and face. The woman was crying and intoxicated. The woman, defendant's girlfriend, told the security guard that she had been beaten by her boyfriend (defendant). The guard spoke with her in both Spanish and English. The woman's daughter then came outside to the truck and told the security guard that defendant had done this to her mother before, and 911 was called. A sheriff's deputy responded and spoke to the victim about her injuries; the victim reported that defendant punched her in the face, pushed her and pulled her hair. The victim testified in court that she did not remember how she got the injuries to her face but she was intoxicated and angry and must have fallen to the ground. The victim claimed she did not understand the officers when they spoke with her at the hospital because she does not speak English.

Defendant was charged with two counts of inflicting corporal injury resulting in a traumatic condition upon a person with whom the defendant has or has previously had a dating relationship (Pen. Code, § 273.5, subd. (a)).[1] Following a jury trial, the jury found defendant guilty of both counts.

The trial court sentenced defendant to an aggregate term of four years in state prison as follows: the middle term of three years on count one plus one-third the middle term, one year, to run consecutively on count two. The court ordered defendant to pay a

---

[1] Undesignated statutory references are to the Penal Code.

criminal conviction assessment of $60 (Gov. Code, § 70373), a court operations assessment of $80 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45).  The court awarded custody credits in the amount of 300 days (150 actual and 150 conduct), and restitution was reserved regarding the victim.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

       KRAUSE       , J.

We concur:

     RAYE       , P. J.

     RENNER      , J.